**BOYS CLUB OF FALL RIVER et al.,**
**Appellants,**

v.

**Nancy Smith KEAY et al., Appellees.**
**No. 17231.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 25, 1963.

Decided March 7, 1963.

Mr. Maxwell A. Howell, Washington, D. C., for appellants.

Mr. Morris Kanfer, Washington, D. C., for appellee, Keay and certain other appellees.

Mr. Dexter M. Kohn, Washington, D. C., with whom Mr. Coleman L. Diamond, Washington, D. C., was on the brief, for appellee, Brown University and certain other appellees.

Mr. William H. Yeatman, Washington, D. C., entered an appearance for trustee, Union Trust Co. of the District of Columbia.

Before FAHY, WASHINGTON and WRIGHT, Circuit Judges.

FAHY, Circuit Judge.

The appeal is from an order of the District Court construing portions of a will and codicil. By his will the testator divided his residuary estate [1] into two equal parts. To each of the three children of his deceased sister Susan E. Slade, namely, Abby M. B. Slade, William A. Slade and Ruth E. Slade, he gave one-third of one of these equal parts, for life, with remainder upon the death of each, respectively, to his or her issue then surviving. If there were no such issue then the appellant philanthropic organizations would take equally.[2]

The codicil expressly eliminated the provisions for Abby and William A. Slade and it did not mention the issue of Abby and William as the will had done with respect to their shares. These two-thirds of one-half of the residuary estate were given to named individuals for life and to others in remainder and are not involved in this litigation. But Ruth was again given a life interest in the other one-third of one-half of the residuary estate, with remainder upon her death to the children of Abby and William, equally, living at the death of Ruth. The question is who takes the one-third of one-half given to Ruth for life after she,

Abby and William had died leaving no issue.

The District Court held that the testator died intestate as to this one-third of one-half of his residuary estate. We are unable to agree. While the codicil itself did not state what should occur with respect to the share given to Ruth for life should she, Abby and William die without issue surviving, the will provided that appellants should take in that event. The two instruments are to be read together, since the codicil explicitly stated that it was to "amend and supplement" the will. It did not entirely replace the will and accordingly is not to be read in isolation in determining the testator's intention. Nor was the provision that appellants should take in the event Ruth, Abby and William died without surviving children revoked in terms, and an implied revocation is not to be found in the codicil which, while rearranging certain interests, does not touch these others created by the will. There is no significant factor in the circumstances of this case indicating that the provision of the will for appellants should fail and thus bring about an intestacy as to this part of the estate.

Furthermore, the rule of construction which disfavors intestacy where a full testamentary disposition appears to have been made operates in favor of appellants as contingent remaindermen in this share, an interest it is conceded was created by the will. Bunker v. Jones, 86 U.S.App.D.C. 231, 234, 181 F.2d 619, 622 (1950). And to exclude them would run counter also to the testator's intention gleaned from the two testamentary instruments considered together. Having provided for appellants in the will in the event Ruth, Abby and William should die without issue, the testator cannot be said to have made no tes-

---

1. The will and codicil were both executed in effectuation of a power of appointment in testator himself contained in an inter vivos trust which he had made. For the sake of simplicity we refer to the portion of the estate involved in this litigation as the "residuary estate" rather than as the "residuary trust estate," a technically more accurate term.

2. By the codicil a change was made in one of the philanthropic beneficiaries; and the desire that they should share equally in whatever bequest should go to them was made explicit.

tamentary provision for such an eventuality as did occur merely because he did not repeat a like provision in the codicil, when the codicil evinces no inconsistent intention.[3]

 We agree with the conclusion of the District Court that the 1935 court proceedings in which the will and codicil were construed would not appear to bar these appellants under the doctrine of *res judicata*, the context now being a different one and the appellants having had a more remote interest in the subject matter as of the earlier time. In view, however, of our construction of the will and codicil at variance with that of the District Court, its order under review is reversed and the case remanded for further proceedings consistent with this opinion.

Reversed and remanded.

---

3. In the codicil a further provision was separately made for appellants in event of a certain contingency with respect to the other half of the residuary estate; but this is in no manner inconsistent with maintaining the provision for them in event Ruth, Abby and William died without issue.